**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JULIUS MAURICE VAUGHN, | ) | CASE NO. 1:23-cv-02338 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| JACK CLEVELAND CASINO, LLC, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | # |
| Defendant. | ) | |

Plaintiff Julius Maurice Vaughn, appearing *pro se*, has filed a two-page Amended Complaint against Defendant JACK Cleveland Casino, LLC alleging violations of his "civil rights and civil liberties" by "racially profil[ing] and accus[ing] [him] of taking part in a shoplifting incident" and "threaten[ing] to have [him] arrested for trespassing." (R. 8). Defendant has moved to dismiss the Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (R. 9, PageID# 36). Plaintiff has not responded. For the reasons that follow, the Court GRANTS Defendant's motion and dismisses this action in its entirety.

**I. Standard of Review**

A Rule 12(b)(6) motion to dismiss challenges whether a complaint sets forth a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). To proceed past the pleading stage, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (quotation marks omitted). A claim is facially plausible "when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This "plausibility standard is not akin to a 'probability requirement,'" but it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation marks omitted).

A court resolving a Rule 12(b)(6) motion "must consider the complaint in its entirety." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). The court accepts as true all factual allegations contained in the complaint and construes them in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam); *accord Streater v. Cox*, 336 F. App'x 470, 474 (6th Cir. 2009). But a court need not accept as true conclusions of law, labels, formulaic recitation of the elements of a claim, and "naked assertions devoid of further factual enhancement". *Iqbal*, 556 U.S. at 678–79. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief" under governing law.[1] *Id.* at 679.

## II. Background

Although Plaintiff's Amended Complaint does not identify specific causes of action, it appears he is attempting to assert a discrimination claim under Title II of the Civil Rights Act

---

[1] Because Plaintiff is a layperson representing himself, his Amended Complaint is liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). Nevertheless, Plaintiff must satisfy basic procedural rules and pleading standards, *see Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001); *McGhee v. Light*, 384 F. Supp. 3d 894, 896 (S.D. Ohio 2019) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)), and the Court need not "conjure allegations" on his behalf, *Erwin*, 22 F. App'x at 580.

and claims for intentional and negligent infliction of emotional distress. (R. 8, PageID# 34–35). He asserts that he is "a Black senior citizen" and "one hundred percent disabled." (R. 8, PageID# 34–35). On October 13, 2023, he was shopping at Defendant's gift shop, and "a shoplifting incident" occurred. (*Id.* at PageID# 34). The "shoplifting suspect" was a Black woman whom Plaintiff "did not know" and had never met. *Id.* He alleges gift shop staff "racially profiled" him and "accuse[d] [him] of taking part in" the "shoplifting incident." *Id.*

Law enforcement arrived, and Plaintiff told the officers that the "shoplifting suspect was long gone in the opposite direction that [he] had traveled." *Id.* He asked the officers whether "they were going to place [him] under arrest" and "read his rights." *Id.* An officer told Plaintiff that he was not under arrest but that he was "being detained." *Id.* The officer then told him not to move and said that he was "not allowed to leave." *Id.* Then, the officer threatened to arrest him if he "did not move at the pace that the" officer "thought that [he] should have been moving to leave [Defendant's] property." *Id.* The officer did so even though "[t]hey were told that [Plaintiff] was disabled [and] that [he] had to be allowed to move at a pace that was conducive to [his] disabilities." *Id.* Defendant's manager then "threatened to have [him] arrested for trespassing." *Id.* He alleges mental anguish, emotional stress, and mental pain. *Id.*

### III. Analysis

#### A. Failure to Respond

A plaintiff's failure to respond to a motion to dismiss "amounts to a forfeiture of" the claims to which the motion is addressed. *See Notredan, L.L.C. v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013). "Likewise, opposition to a motion to dismiss is waived, and dismissal appropriate, where the plaintiff fails to respond thereto." *March v. Securitas Sec. Servs. USA*, No. 1:23cv194, 2023 WL 5417778, at *3 (W.D. Mich. July 28, 2023)

3

(citing *Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008)), *report & recommendation adopted*, 2023 WL 5379747 (W.D. Mich. Aug. 22, 2023). Here, Plaintiff failed to respond to Defendant's motion to dismiss despite being provided ample time to do so, and the Court could grant the motion and dismiss the Amended Complaint on this ground alone. *See id.* The Court, however, will consider the substantive arguments from the motion to dismiss.

**B. Title II Discrimination Claim**

Title II of the Civil Rights Act "prohibits discrimination on the basis of 'race, color, religion, or national origin' in places of public accommodation." *Rachel v. United Dairy Farmers*, No. 1:12cv575, 2012 WL 6771836, at *5 (S.D. Ohio Nov. 13, 2012) (citing 42 U.S.C. § 2000a(a)), *report & recommendation adopted*, 2013 WL 65223 (S.D. Ohio Jan. 4, 2014). To state a claim for Title II discrimination when "there is no allegation suggesting direct evidence of discrimination," a plaintiff must allege facts showing that he (1) "is a member of a protected class" who (2) "attempted to exercise the right to full benefits and enjoyment of a place of public accommodation," (3) "was denied those benefits and enjoyment" by the defendant, and (4) "was treated less favorably than similarly situated persons who are not members of the protected class." *Bormuth v. Dahlem Conservancy*, 837 F. Supp. 2d 667, 674 (E.D. Mich. 2011); *see also Paschal v. Drs. Assocs.*, No. 4:17cv1635, 2017 WL 4155768, at *3 (N.D. Ohio Sept. 19, 2017) (citing *Fall v. LA Fitness*, 161 F. Supp. 3d 601, 605–06 (S.D. Ohio 2016); *Bormuth*, 837 F. Supp. 2d at 674).

Even when liberally construing Plaintiffs Amended Complaint, it fails to state a discrimination claim under Title II. The Court agrees with Defendant that Plaintiff has not alleged direct evidence of discrimination and fails to allege facts plausibly supporting a viable claim. (*See* R. 9, PageID# 43–47). Plaintiff's "conclusory allegation[] of 'racial profiling' … [is]

4

insufficient to state a claim upon which relief may be granted." *Cf. Green v. Dorman*, No. 2:19cv2968, 2019 WL 3220555, at *3 (S.D. Ohio July 17, 2019) (citing *Iqbal*, 556 U.S. at 678), *report & recommendation adopted*, 2019 WL 3944441 (S.D. Ohio Aug. 21, 2019). Although he alleges he is "a Black senior citizen" who was shopping and engaging "in no wrong[]doing" when Defendant's gift shop employees accused him of involvement in a "shoplifting incident" and "threaten[ed] to have [him] arrested for trespassing," (R. 8, PageID# 34), he presents no direct evidence of discrimination, and the pleading is devoid of factual allegations that Defendant treated him less favorably than other similarly situated persons who are not members of a protected class. *See id.* Consequently, he fails to state a viable discrimination claim under Title II. *See Vyletel v. Univ. of Mich.*, No. 22-12485, 2022 WL 19518409, at *4 n.6 (E.D. Mich. Dec. 6, 2022) (citing *Lewis v. Northland Chrysler Dodge Ram Jeep*, No. 13-14058, 2014 WL 3375524, at *3, 7 (E.D. Mich. May 27, 2014)), *report & recommendation adopted*, 2023 WL 2537276 (E.D. Mich. Mar. 16, 2023); *Bormuth*, 837 F. Supp. 2d at 674–75.

Plaintiff also alleges that law enforcement officers detained him and threatened to arrest him for leaving Defendant's property too slowly. (*See* R. 8, PageID# 34). However, those law enforcement officers are not parties to this suit and their actions are not attributable to Defendant. Therefore, the Court will dismiss this claim.

### C. Intentional Infliction of Emotional Distress Claim

Under Ohio law, to state a claim for intentional infliction of emotional distress, a plaintiff must allege facts showing the following:

> (1) defendant intended to cause emotional distress or knew or should have known that its conduct would result in serious emotional distress to the plaintiff;
> (2) defendant's conduct was outrageous and extreme and beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community;

5

> (3) defendant's conduct was the proximate cause of [the] plaintiff's psychic injury; and
>
> (4) plaintiff's emotional distress was serious and of such a nature that no reasonable person could be expected to endure it.

*Kovac v. Superior Dairy, Inc.*, 930 F. Supp. 2d 857, 870 (N.D. Ohio 2013) (quoting *Talley v. Fam. Dollar Stores of Ohio*, 542 F.3d 1099, 1110 (6th Cir. 2008)).

Plaintiff's Amended Complaint fails to allege facts plausibly supporting the first, second, and fourth elements. Although Plaintiff asserts that he is "a Black senior citizen," he only alleges he "has seen a lot when these type[s] of interactions with law enforcement go wrong" and that his "injuries include nightmares, lack of trust in law enforcement, [m]ental anguish, emotional stress, los[s] of dignity[,] and mental pain." (R. 8, PageID# 35). Even when liberally construing the pleading, Plaintiff "has not pleaded that [Defendant] intended to cause him emotional distress" or "that [Defendant] knew or should have known that its conduct would result in serious emotional distress." *Kovac*, 930 F. Supp. 2d at 870; (*see* R. 8). The bare bones Amended Complaint fails to plausibly allege Defendant's "conduct was outrageous and extreme," "beyond all possible bounds of decency…and…utterly intolerable in a civilized community." *Id*.

Plaintiff also fails to allege facts showing the final element— "a showing of serious emotional anguish." *Doe v. BMG Sports, LLC*, 584 F. Supp. 3d 497, 508 (S.D. Ohio 2022). This requirement "describes emotional injury which is both severe and debilitating." *180 Indus., LLC v. Brunner Firm Co. LPA*, No. 20-4129, 2021 WL 4955268, at *2 (6th Cir. 2021) (quoting *Paugh v. Hanks*, 451 N.E.2d 759, 765 (Ohio 1983)). Under Ohio law, "serious emotional distress may be found where a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case." *Id.* (quoting

*Paugh*, 451 N.E.2d at 765).² Because Plaintiff does not allege facts showing the first, second, and fourth elements, the Court need not consider further arguments as Plaintiff fails to state a plausible claim for intentional infliction of emotional distress. Accordingly, the Court will dismiss this claim.

### D. Negligent Infliction of Emotional Distress Claim

To state a claim for negligent infliction of emotional distress, a plaintiff must allege facts showing that (1) he "witnessed and/or experienced a real or impending danger to another, (2) the defendant's conduct negligently caused the dangerous incident, and (3) the defendant's conduct was the proximate cause of [the] plaintiff's serious and reasonably foreseeable emotional distress." *Stout v. United States*, 721 F. App'x 462, 473 (6th Cir. 2018) (quoting *David v. Matter*, 2017-Ohio-7351, 96 N.E.3d 1012, 1017 (Ohio Ct. App. 2017)).

Defendant argues that Plaintiff fails to state a claim for negligent infliction of emotional distress. (*Id.* at PageID# 49–50). They Court agrees. Plaintiff fails to allege any of the following: he witnessed or experienced any real or impending danger to another person, he was subjected to actual, physical peril, or he suffered physical injuries. The Amended Complaint is devoid of any factual allegations plausibly alleging that Defendant created a dangerous incident that was the proximate cause of serious emotional distress; nor does Plaintiff allege severe or debilitating

---

² Examples of such distress "include traumatically induced neurosis, psychosis, chronic depression, or phobia." *Id*. (quoting *Paugh*, 451 N.E.2d at 765). Plaintiff's allegations of "nightmares, lack of trust in law enforcement, [m]ental anguish, emotional stress, los[s] of dignity[,] and mental pain," (R. 8, PageID# 35), simply "fall short of showing that he suffered sufficiently serious emotional distress to state an [intentional infliction of emotional distress] claim." *180 Indus., LLC*, 2021 WL 4955268 at *3 (citing *Howkins v. Walsh Jesuit High Sch.*, 2013-Ohio-917, No. 26438, 2013 WL 989376, at *8 (Ohio Ct. App. Mar. 13, 2013); *Jones v. White*, No. 18109, 1997 WL 669737, at *9 (Ohio Ct. App. Oct. 15, 1997); *Dickerson v. Int'l United Auto Workers Union*, 648 N.E.2d 40, 50 (Ohio Ct. App. 1994)).

emotional distress in lieu of physical injuries. Consequently, the Court need not consider further arguments as Plaintiff fails to state a plausible claim for negligent infliction of emotional distress, and Court will dismiss this claim.

### IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss, (R. 9), is GRANTED. Plaintiff's Amended Complaint is dismissed in its entirety.

IT IS SO ORDERED.

*s/ David A. Ruiz*
David A. Ruiz
United States District Judge

Date: February 13, 2025